# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III, | Case No. 1:13-cv-00202-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| R. TOLSON, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**First Screening Order**

**I.    Screening Order and Requirement**

Plaintiff Norman Gerald Daniels III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.** **Discussion**

    **A.** **Allegations**

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, brings this action against Assistant Wardens R. Tolson, K. Santoro, and Perdome; Acting Warden Kathleen Allison; Physician's Assistant T. Byers; Correctional Counselor II S. Smith; Sergeant E. Beeler; and Appeals Examiner C. Hammond.  Plaintiff seeks damages and injunctive relief.

    **1.** **Events in 2010**

On June 17, 2010, Plaintiff, who has a visual impairment, saw an optometrist.  Plaintiff requested a magnifier so he could read in his cell, but the optometrist said he would prescribe glasses that should work for Plaintiff.  Plaintiff did not believe there were any glasses strong

enough to correct his vision sufficiently for him to read, but after requesting a magnifier several times, he gave up and decided to give the glasses a try.

On October 3, 2010, Plaintiff filed a form 1824 "Request for Reasonable Modification or Accommodation," in which he requested a magnifier and in-cell access to other visual equipment. Cal. Code Regs., tit. 15, § 3085(a) (2009).[1]  Plaintiff's request was denied at the first level of review on the ground that he had adequate access to shared ADA (Americans with Disabilities Act) equipment and he had been provided with a pair of glasses.

Plaintiff submitted his request to the second level of review, where he informed Defendant Byers that he needed a magnifier because the glasses he was provided did not work. Defendant Byers denied Plaintiff's request on the ground that the magnifier contained glass, which could be used as a weapon. Plaintiff responded that his "blind cane" had metal, which could also be used to form shanks. (Comp., court record p. 4.)

Dissatisfied with Defendant Byers' response at the second level, Plaintiff filed an inmate appeal (form 602) regarding the optometrist's incomplete form 1824 response. Plaintiff's appeal was passed around between departments and never answered. In late September or early October, Plaintiff's appeal documentation was lost and he dropped the appeal.

### 2.     **Events in 2011**

On September 6, 2011, Plaintiff submitted a form 1824 "Request for Reasonable Modification or Accommodation." Plaintiff was interviewed by Defendant Byers and S. Umi, and Defendant Byers discussed the magnifier and other issues set forth in the request form. Defendant Byers told Plaintiff that custody staff rather than medical staff now handled the issuance of medical devices. Defendant Byers and Umi were unable to produce a copy of this new policy, but they told Plaintiff it came from "Sacramento." (*Id.*, p. 5.) Plaintiff complained to Defendant Byers and Umi that they were violating his right to read and write. In his written request, Plaintiff sought several accommodations, including a magnifier, which he stated should be provided as a medical device, in accordance with California law.

---

[1] Form CDC 1824 was repealed on December 13, 2010.  Tit. 15, § 3085 (2010).

3

Defendant Beeler responded to Plaintiff's written request on October 1, 2011, and stated, incorrectly, that Plaintiff's request conflated multiple issues. Defendant Beeler granted Plaintiff's request, but Plaintiff was not provided with a magnifier for his personal use.

Plaintiff filed his request/complaint at the second level of review on October 12, 2011. Plaintiff stated that he was only seeking a personal magnifier at state expense, with the remaining items to be made available for Plaintiff to purchase. Plaintiff was interviewed by Defendant Smith, who tried to give Plaintiff a small magnifier card with a magnifying power of only two or three. Plaintiff pointed out that the optometrist who operated on his eyes said he would need visual aids, but Defendant Smith ignored him.

Defendant Smith partially granted the request/complaint on October 26, 2011, but the response was duplicative of the first level response and most of Plaintiff's concerns were ignored.

On November 19, 2011, Plaintiff filed his complaint at the third level of review. However, Defendant Hammond merely reiterated the lower level responses and failed to fully examine Plaintiff's complaint.

**B.    Claims**

Plaintiff does not specifically identify his legal claims. Therefore, the Court will address what appear to be Plaintiff's claims under federal law.[2]

**1.    ADA Claim**

Although Plaintiff's complaint cites only to section 1983, Title II of the American with Disabilities Act (ADA) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v.*

---

[2] In the absence of any viable federal claims, the Court lacks subject matter jurisdiction and the action must be dismissed. 28 U.S.C. § 1331; *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673(1994); *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013).

4

*County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's allegations that he has a visual impairment which renders him unable to read or write in his cell without the use of a magnifier and that prison officials have refused to provide him with a magnifier are sufficient to support a claim for relief under the ADA at the pleading stage. *E.g., Blaisdale v. Frappiea*, No. 10-16845, 2013 WL 4793184, at *2 (9th Cir. Sept. 10, 2013); *Hebbe*, 627 F.3d at 342. However, Plaintiff may not pursue a claim for relief under the ADA against any prison official in his or her individual personal capacity. *Chester v. Univ. of Washington*, No. C11-5937 BHS, 2012 WL 3599351, at *2-3 (W.D. Wash. 2012); *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D. Hawai'i 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D. Cal. 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D. Cal. 2005). The ADA precludes discrimination by public entities and the proper defendant in an ADA suit is an appropriate state official in his or her official capacity. The Court will provide Plaintiff with the opportunity to file an amended complaint naming the appropriate official or officials who are responsible for accommodating Plaintiff's disability, in their official capacities.[3]

### 2. Inmate Appeals/Request Processes

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To the extent that Plaintiff is attempting to state a separate claim under section 1983 against prison officials for failing to grant him the relief he sought through the inmate appeals process and/or the request for a reasonable modification or accommodation

---

[3] Plaintiff's complaint is silent as to the capacities in which Defendants are sued.

process, Plaintiff may not do so. The existence of a grievance process does not create any substantive rights upon which Plaintiff may base a claim. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Furthermore, while Plaintiff's allegations are sufficient to support a claim for relief under the ADA, Plaintiff is required to name the appropriate state officials in their official capacities. The Court will provide Plaintiff with an opportunity to file an amended complaint curing these deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 10, 2013**                    **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE