# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>          Plaintiff,<br><br>     v.<br><br>R. TOLSON, et al.,<br><br>          Defendants. | Case No. 1:13-cv-00202-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING STU SHERMAN BE SUBSTITUTED FOR DEFENDANT KATHLEEN ALLISON AND ACTION PROCEED AGAINST SHERMAN IN HIS OFFICIAL CAPACITY FOR VIOLATION OF THE ADA<br><br>(Doc. 19)<br><br>THIRTY-DAY OBJECTION DEADLINE |

I.   **Screening Order and Requirement**

Plaintiff Norman Gerald Daniels III, a state prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 on February 8, 2013. On November 12, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. Plaintiff filed an amended complaint on May 21, 2014, alleging a violation of 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA").

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),

(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

  **A.     Summary of Allegations**

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison ("CSATF") in Corcoran, brings this action against Acting Warden Kathleen Allison; Assistant Wardens R. Tolson, K. Santoro, and Perdome; Physician's Assistant T. Byers; Correctional Counselor II S. Smith; Sergeant E. Beeler; and Appeals Examiner C. Hammond. Plaintiff seeks damages and injunctive relief.

Plaintiff's amended complaint is substantially similar to his original complaint. Plaintiff is legally blind and his vision cannot be corrected beyond 20/200. Plaintiff seeks access to visual equipment to enable him to read and write like a "normal person," and he unsuccessfully attempted to resolve the issue through the prison's remedy process. (Amend. Comp., p. 4.) Plaintiff seeks a personal magnifier so that he may read and write in his cell. (*Id.*, 5,9 .) Plaintiff

alleges that magnifying eyeglasses are insufficient to treat his vision impairment; the small card magnifier offered to him was a "sad attempt" and provided insufficient magnification; he is entitled to read and write in his cell; a personal magnifier is a medical appliance with which he should be provided as a disabled inmate; and staff "twisted" the *Armstrong* remedial plan to deny his request for a personal magnifier. (*Id.*, pp. 4, 5, 9, 10, 12, 14.) Prison staff, however, take the position that a personal magnifier is not a medical appliance and it contains glass which can be used as a weapon; and that Plaintiff's disability is sufficiently addressed through adequate access to shared ADA equipment, a page magnifier, and the pair of glasses he received to help with his disability. (*Id.*, p. 5 8, 14.)

### B.     ADA Claim

#### 1.     Nature of Claim

After consideration of Plaintiff's allegations and the relief he seeks, it appears Plaintiff's claim is limited to relief under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. The Court finds no indication that Plaintiff is attempting to pursue an Eighth Amendment medical care claim, as Plaintiff seeks access to a personal magnifier so he can read and write in his cell, activities which he is currently unable to engage in given his vision impairment. *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") Moreover, although the events at issue are intertwined with the prison's appeals process, Plaintiff's disagreement with staff appeal decisions does not give rise to a claim under section 1983 because the appeals process itself creates no substantive rights. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Rather, staff's involvement vis-a-vis the appeals process is relevant only as it relates to the denial of Plaintiff's request for accommodation under the ADA. As such, the Court finds this action is limited to an ADA claim.

///

### 2. **Official Capacity Claim Against Acting Warden**

Title II of the ADA applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons*, 609 F.3d at 1021-22; *Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

As Plaintiff was previously informed in the first screening order, his allegation that he has a visual impairment which renders him unable to read or write in his cell without the use of an adequate personal magnifier and prison officials have refused to provide him with an adequate personal magnifier is sufficient to support a claim for relief under the ADA at the pleading stage. *E.g., Blaisdell*, 729 F.3d at 1241; *Hebbe*, 627 F.3d at 342. However, Plaintiff may not pursue a claim for relief under the ADA against any prison official in his or her individual capacity. *Chester v. Univ. of Washington*, No. C11-5937 BHS, 2012 WL 3599351, at *2-3 (W.D. Wash. 2012); *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D. Hawai'i 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D. Cal. 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D. Cal. 2005). The ADA precludes discrimination by public entities, and therefore, the proper defendant in an ADA suit is an appropriate state official in his or her official capacity. Thus, Plaintiff may not sue Defendants Beeler, Byers, Smith, and Hammond, as it is clear from the amended complaint that they were personally involved in denying his appeals and they are named as defendants because of that personal involvement. Defendants Allison, Tolson, Santoro, and Perdome, however, hold higher-level managerial positions at the prison and they may be proper defendants in their official capacities.

4

Plaintiff alleges Defendant Allison is the acting warden. Accordingly, as the highest-level official at CSATF, it appears that she is the proper person to be named in this action, in her official capacity. However, the Court may take judicial notice of information on government websites not subject to reasonable dispute, and the California Department of Corrections and Rehabilitation ("CDCR") website identifies Stu Sherman as the Acting Warden of CSATF.[1] Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). Therefore, Stu Sherman presently appears to be the proper defendant in this action, in his official capacity. *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999) (no official capacity claims against former state officials). In the event that Mr. Sherman is succeeded by someone else during the course of this litigation, substitution of the new Acting Warden will be appropriate. *Rounds*, 166 F.3d at 1036 n.2.

### III. Recommendation

The Court finds that Plaintiff's amended complaint states a cognizable official capacity claim against the Acting Warden of CSTAF for violation of the ADA. Accordingly, it is HEREBY RECOMMENDED that:

1. CSATF Acting Warden Stu Sherman be substituted for former CSATF Acting Warden Kathleen Allison, and this action proceed against Mr. Sherman in his official capacity for violation of the ADA; and

2. Defendants Tolson, Santoro, Perdome, Byers, Smith, Beeler, and Hammond be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted against them under the ADA.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __,

---

[1] Kathleen Allison is now a CDCR Executive Staff member.

__, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 5, 2015**             **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE