# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>  Plaintiff,<br><br>  v.<br><br>R. TOLSON, et al.,<br><br>  Defendants. | Case No. 1:13-cv-00202-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, DISMISSING CERTAIN DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR SERVICE OF PROCESS<br><br>(Docs. 19 and 20) |

Plaintiff Norman Gerald Daniels III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 12, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims; and on May 21, 2014, Plaintiff filed an amended complaint alleging a violation of 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"). On January 6, 2015, the Magistrate Judge screened Plaintiff's amended complaint and recommended it proceed on Plaintiff's ADA claim against the Warden of California Substance Abuse Treatment Facility and State Prison ("CSATF") in his official capacity. After obtaining two extensions of time, Plaintiff filed a timely Objection on April 20, 2015. Local Rule 304(b).

Plaintiff's objections are perplexing given that his factual allegations implicate the ADA, and the Magistrate Judge determined he stated a cognizable claim. While Plaintiff disagrees with the inclusion of Warden Sherman as a defendant and the dismissal of the individual defendants who were involved in addressing his inmate appeals seeking a magnifier to accommodate his vision impairment, his disagreements appear to arise from his misunderstanding of the law. Title II of the ADA prohibits discrimination by *public entities*; it does not provide Plaintiff with a cause

of action against individual prison employees in their personal capacities. Fortyune v. City of Lomita, 766 F.3d 1098, 1101 (9th Cir. 2014) ("Title II of the ADA … applies to state and local governments); Abbott v. Rosenthal, 2 F.Supp.3d 1139, 1144 (D.Idaho 2014) (no individual capacity claims exist under the statute). As such, the proper defendant in this ADA action was, at one time, Defendant Kathleen Allison. However, Acting Warden Allison has been replaced by Warden Stu Sherman and he is now the proper defendant, in his *official* capacity. See Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 n.2 (9th Cir. 1999) (no official capacity claims against former state officials). Plaintiff's arguments concerning the inapplicability of *respondeat superior* are entirely misplaced in this context. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001) (public entity vicariously liable for actions of its employees under ADA).

Given that Plaintiff's claim arises from the failure to accommodate his vision impairment by providing him with a personal magnifier so he can read and write in his cell, the Magistrate Judge did not err in finding that Plaintiff's dissatisfaction with the inmate appeals process provides no basis for a due process claim, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no protected liberty interest in the processing of appeals), or in finding no indication of an Eighth Amendment medical care claim, Simmons v. Navajo Cnty., 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."). In his Objection, Plaintiff asserts that the lack of an advocate and the oppressive system violate his right to due process, but his position lacks merit. Plaintiff has no protected liberty interest at stake with respect to his inmate appeals, and his dissatisfaction with the process and his disagreement with the decisions rendered are not redressable under the Due Process Clause of the Fourteenth Amendment. Ramirez, 334 F.3d at 860.

Plaintiff also asserts that his rights under the Eighth Amendment are being violated through his inability to enjoy the same privileges as other inmates. However, there are no allegations in Plaintiff's amended complaint or objections which support the existence of a viable Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) (Eighth Amendment claims require showing of deliberate indifference to substantial risk of harm);

*Simmons*, 609 F.3d at 1022.

Similarly, Plaintiff's amended complaint is devoid of any facts supporting the existence of a First Amendment claim or a conspiracy claim, or indicating any attempt to pursue such claims, and Plaintiff's objections set forth no facts supporting any viable claims under those legal theories. See Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014) (liberal interpretation of a pro se civil rights complaint may not supply essential elements not initially pled); Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (courts need not indulge unwarranted inferences).

In sum, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Plaintiff's operative pleading states a claim for violation of the ADA, as the Magistrate Judge found, and she correctly determined that the claim must proceed against the Warden in his official capacity.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on January 6, 2015, is adopted in full;
2. CSATF Warden Stu Sherman is substituted for former Acting Warden Kathleen Allison, and this action shall proceed against Mr. Sherman in his official capacity for violation of the ADA;
3. Defendants Tolson, Santoro, Perdome, Byers, Smith, Beeler, and Hammond are dismissed based on Plaintiff's failure to state a claim upon which relief may be granted against them under the ADA; and
4. This matter is referred back to the Magistrate Judge to initiate service of process.

IT IS SO ORDERED.

Dated:   July 10, 2015

_____
SENIOR DISTRICT JUDGE