1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10  NORMAN GERALD DANIELS III,                  Case No.  1:13-cv-00202-AWI-SKO (PC)

11              Plaintiff,                       ORDER DENYING MOTION FOR
                                                 APPOINTMENT OF COUNSEL, WITHOUT
12       v.                                      PREJUDICE

13  R. TOLSON, et al.,                           (Doc. 33)

14              Defendants.
    _____/
15

16        Plaintiff Norman Gerald Daniels III ("Plaintiff"), a state prisoner, is proceeding pro se and

17  in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 12132, the Americans with

18  Disabilities Act.  On October 5, 2015, Plaintiff filed a motion seeking the appointment of counsel.

19        Plaintiff does not have a constitutional right to the appointment of counsel in this action.

20  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353

21  (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

22  § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970;

23  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the

24  Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

25  his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970

26  (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is

27  dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation

28  marks omitted); *Wilborn* 789 F.2d at 1331.

1    In the present case, the Court does not find the required exceptional circumstances.  Even

2  if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

3  which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

4  similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a

5  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

6  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.[1]  *Palmer*,

7  560 F.3d at 970.

8    While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and

9  his incarceration, and the Court additionally acknowledges Plaintiff's disability, the test is not

10  whether Plaintiff would benefit from the appointment of counsel.  *See Wilborn v. Escalderon*, 789

11  F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during

12  litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary

13  to support the case.")  The test is whether exceptional circumstances exist and here, at this

14  juncture, they do not.

15    Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED,

16  without prejudice.

17

18  IT IS SO ORDERED.

19  Dated:   __October 6, 2015__                          _____ **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

---

[1] Defendant Sherman waived service of the summons and amended complaint, and his first response to the amended complaint is due on October 9, 2015.  (Doc. 32.)  Thus, at this juncture discovery is not open and there are no pending deadlines applicable to Plaintiff.

2