# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III, | Case No. 1:13-cv-00202-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| R. TOLSON, et al., | (Doc. 39) |
| Defendants. | OBJECTION DEADLINE: TEN DAYS |

## I. Background

Plaintiff Norman Gerald Daniels III ("Plaintiff"), a state prisoner, is proceeding pro se and in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"). The Court screened Plaintiff's amended complaint pursuant 28 U.S.C. § 1915A and determined that it states a cognizable official capacity claim against Defendant Stu Sherman ("Defendant") for violation of Title II of the ADA.[1]  Following waiver of service, Defendant filed a motion to dismiss on November 5, 2015. Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court finds that Defendant's motion lacks merit and it elects to issue its recommendation without requiring a response from Plaintiff. Local Rule 230(*l*).

## II. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of

---
[1] Doc. 26.

sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell*, 729 F.3d at 1241.

**III.    Discussion**

    **A.    Introduction**

Plaintiff's amended complaint was screened and the Court determined it stated a claim upon which relief may be granted. 28 U.S.C. § 1915A; *Nordstrom*, 762 F.3d at 908 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting *Wilhelm*, 680 F.3d at 1121); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard). Defendant's acknowledgement that the complaint was screened is noted; however, he presents no arguments that persuade the Court it erred in determining that Plaintiff's ADA is cognizable or that any other grounds justifying relief from the screening order exist. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). As explained below, Plaintiff's allegations are sufficient to allow him to proceed past the pleading stage. *Blaisdell*, 729 F.3d at 1241.

**B.** **Monetary Relief**

The Court's substantive Findings and Recommendations ("F&R"), which was adopted in full, provided as follows:

> Title II of the ADA applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons*, 609 F.3d at 1021-22; *Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).
>
> As Plaintiff was previously informed in the first screening order, his allegation that he has a visual impairment which renders him unable to read or write in his cell without the use of an adequate personal magnifier and prison officials have refused to provide him with an adequate personal magnifier is sufficient to support a claim for relief under the ADA at the pleading stage. *E.g., Blaisdell*, 729 F.3d at 1241; *Hebbe*, 627 F.3d at 342. However, Plaintiff may not pursue a claim for relief under the ADA against any prison official in his or her individual capacity. *Chester v. Univ. of Washington*, No. C11-5937 BHS, 2012 WL 3599351, at *2-3 (W.D. Wash. 2012); *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D. Hawai'i 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D. Cal. 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D. Cal. 2005). The ADA precludes discrimination by public entities, and therefore, the proper defendant in an ADA suit is an appropriate state official in his or her official capacity. Thus, Plaintiff may not sue Defendants Beeler, Byers, Smith, and Hammond, as it is clear from the

3

amended complaint that they were personally involved in denying his appeals and they are named as defendants because of that personal involvement. Defendants Allison, Tolson, Santoro, and Perdome, however, hold higher-level managerial positions at the prison and they may be proper defendants in their official capacities.

Plaintiff alleges Defendant Allison is the acting warden. Accordingly, as the highest-level official at CSATF, it appears that she is the proper person to be named in this action, in her official capacity. However, the Court may take judicial notice of information on government websites not subject to reasonable dispute, and the California Department of Corrections and Rehabilitation ("CDCR") website identifies Stu Sherman as the Acting Warden of CSATF.[2] Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). Therefore, Stu Sherman presently appears to be the proper defendant in this action, in his official capacity. *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999) (no official capacity claims against former state officials). In the event that Mr. Sherman is succeeded by someone else during the course of this litigation, substitution of the new Acting Warden will be appropriate. *Rounds*, 166 F.3d at 1036 n.2.

(Doc. 20, Screening F&R, 4:2-5:11.)

Although ADA claims are properly brought against a public entity or a state official in his official capacity, *e.g.*, *Stanek v. St. Charles Community Unit School Dist. No*. 303, 783 F.3d 634, 644 (7th Cir. 2015); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Abbott v. Rosenthal*, 2 F.Supp.3d 1139, 1144 (D. Idaho 2014), Defendant nevertheless argues that Plaintiff fails to state a claim against him because he was not personally involved in the deprivation. (Doc. 39-1, Motion, § II.) This argument mischaracterizes the claim and the law. As the warden, Defendant is the proper defendant, in his official capacity, for Plaintiff's ADA claim against the prison and there is no requirement that he be personally involved in the violation. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) ("An official-capacity suit 'represents only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985)). Moreover, while Plaintiff must prove intentional discrimination to recover monetary damages, which in turn requires a showing of deliberate indifference, he is not required to show that Defendant personally acted with deliberate indifference. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

"When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is

---

[2] Kathleen Allison is now a CDCR Executive Staff member.

4

on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." *Duvall*, 260 F.3d at 1139.  Next, "a public entity is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation," and "a public entity does not act by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." *Id.*  To meet this second element, "a failure to act must be a result of conduct that is more than negligence, and involves an element of deliberateness." *Id.* However, this fact-specific inquiry cannot be conducted at the pleading state. *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 910-11 (9th Cir. 2013) ("Determining whether a modification is reasonable (or even required) is necessarily a fact-specific inquiry, requiring analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.") (citation and internal quotation marks omitted).  Here, because Plaintiff pled both notice and the failure to act, his allegations suffice to support a plausible claim for relief under the ADA, and Defendant's argument to the contrary is untenable.

### C. **Equitable Relief**

#### 1. ***Armstrong* Remedial Plan as a Bar**[3]

Defendant's argument that the Court failed to consider Plaintiff's entitlement to equitable relief, and that it should have done so, is also unpersuasive.  The federal system is one of notice pleading, *Moss*, 572 F.3d at 967-69, and litigants are not confined to their pleadings with respect to the relief sought, Fed. R. Civ. P. 54(c).  Except for default judgment, "final judgment should grant the relief to which each party's entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).  So long as a plaintiff has placed the defendants on notice as to the nature of the relief he seeks, he has satisfied Rule 8 and it would be premature for the Court weigh in on any potential entitlement to a future injunction.  *See Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001) (notice pleading are not without limits and demand for relief must be more than a useless statement that prejudices the opposing party through lack of

---

[3] Defendant's request for judicial notice of the *Armstrong* Remedial Plan and the permanent injunction are granted. Fed. R. Evid. 201; *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).  (Motion, Exs. A, B.)

notice). While the Court will dismiss those forms of relief that obviously fail as a matter of law, *see Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012) (former inmate's declaratory and injunctive relief claims moot following release from custody), it is not in a position at the pleading stage of this action to confine Plaintiff to monetary damages should he prevail on the issue of liability; those determinations will be guided by more specific legal requirements at a later stage in the proceedings, 18 U.S.C. § 3626(a)(1)(A) (requirements applicable to prospective relief granted in prisons conditions cases); *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156-57, 130 S.Ct. 2743, 2756 (2010) (setting forth requirements for obtaining permanent injunction).

Turning to Defendant's specific argument that Plaintiff's injunctive relief claim is barred by the *Armstrong* Remedial Plan ("ARP"), Defendant asserts that "[t]he Ninth Circuit recognizes that individual class members are barred from pursuing individual lawsuits that seek injunctive relief and equitable relief within the subject matter of a pending class action," and cites to a decision issued in 1979, along with out-of-circuit decisions issued in 1988 and 1991, in support of his argument. (Motion, § III(A).) However, Defendant fails to discuss, or even acknowledge, the applicability of the Ninth Circuit's decision in *Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013), which held that individual claims for injunctive relief are discrete from claims for systemic relief and are not barred by membership in class action litigation. Given Defendant's failure to acknowledge or discuss the *Pride* decision, he has necessarily failed to meet his burden by demonstrating that Plaintiff's injunctive claim is such that it remains barred by the ARP even under a *Pride* analysis.[4]

Moreover, although Defendant includes the ARP and the district court's permanent injunction filed on March 21, 2001, he fails to cite to any specific provision in the ARP which would arguably bar Plaintiff's claim under *Pride*, and it is not the Court's duty to wade through

---

[4] Defendant's citation to *Jamison v. Capello*, No. 1:10-cv-01633-MJS (PC), 2013 WL 6182035, at * 5 (E.D.Cal. 2013) is of no assistance to him. Although unpublished district court cases are not binding and the opinion did not address the *Pride* decision, it is inapposite in any event. The court's determination that the plaintiff failed to state a claim was based specifically on the fact that the plaintiff alleged only a failure by the defendants to follow the *Armstrong* Remedial Plan. The court found that the plaintiff's claim was not related "to the failure to provide a route of travel accommodating [his] disability or intentional discrimination against [him] because of disability…." *Jamison*, 2013 WL 6182035, at * 5. By contrast, Plaintiff's allegations in this case describe in detail his vision impairment, the steps he took to obtain an accommodation, and prison officials' failure to grant him the accommodation he seeks; his claim is not premised solely on prison officials' mere failure to comply with the Armstrong Remedial Plan.

the fifty-seven page ARP for specific information indicating that Plaintiff's request for relief is duplicative of or addressed conclusively by the ARP. *Pride*, 719 F.3d at 1183. Notably, the five-page permanent injunction provided is much broader in its terms than the claim raised by Plaintiff in this lawsuit and nothing in those terms appears to preclude the individualized relief sought by Plaintiff. *Pride*, 719 F.3d at 1135-36. Accordingly, the Court rejects Defendant's argument that he is entitled to dismissal of Plaintiff's claim for injunctive relief because it is barred by the ARP.

### 2. Third-Party Standing

Finally, Defendant argues that Plaintiff lacks standing to assert the rights of third parties. This is a non-issue. Fed. R. Civ. P. 54(c). Plaintiff is legally entitled to seek redress only for the violation of his own rights, and any prospective ultimately granted will be narrowly tailored to address that violation. 18 U.S.C. § 3626(a)(1)(A); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) ("The privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.") To the extent that Plaintiff attempts to pursue broader relief directed at remedying conditions of confinement impacting other inmates if he prevails on the liability phase, he will be precluded from doing so as a matter of law. Plaintiff is a visually impaired inmate who is seeking a personal magnifier as an accommodation, and any equitable relief ultimately awarded will necessarily be narrowly tailored to address that issue. 18 U.S.C. § 3626(a)(1)(A).

### IV. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to state a claim, filed on November 5, 2015, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2015**                                     **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE