# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00202 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT<br><br>[ECF No. 53] |

Plaintiff Norman Gerald Daniels III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2013.

On November 12, 2013, the Court dismissed Plaintiff's complaint with leave to amend for failure to state any claims; and on May 21, 2014, Plaintiff filed a First Amended Complaint ("FAC") alleging a violation of 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"). On January 6, 2015, the Magistrate Judge screened Plaintiff's FAC and issued Findings and Recommendations which recommended the action proceed on Plaintiff's ADA claim against the Warden of California Substance Abuse Treatment Facility and State Prison ("CSATF") in his official capacity. The Magistrate Judge recommended that all other claims and defendants be dismissed. On July 13, 2015, the District Court adopted the Findings and Recommendations in full, ordered the case proceed against Warden Stu Sherman on Plaintiff's ADA claim, and dismissed all other claims and defendants. The FAC was served on Defendant

Sherman, and on November 23, 2015, Defendant filed an answer to the FAC. On November 30, 2015, the Magistrate Judge issued a Discovery and Scheduling Order.

On February 29, 2016, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"). Plaintiff did not attach a proposed Second Amended Complaint. Defendant Sherman filed an opposition on March 14, 2016. Plaintiff did not file a reply within the allotted time. Therefore, the motion is ready for decision.

**I.     Discussion**

**A.     Legal Standard**

Plaintiff has amended once and therefore he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Additionally, the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). Defendant opposes the motion on the grounds that the amendments are futile and unduly delayed.

**B.     Futility of Amendment**

It is well-established that the Court may deny leave to amend if amendment would be futile. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011); Serra v. Lapin, 600 F.3d 1191, 1200 (9th Cir. 2010); Gardner v. Martino, 563 F.3d 981, 990-92 (9th Cir. 2009). Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. Nordyke, 644 F.3d at 788 n.12.

*1.     No Proposed Amended Pleading*

First, Plaintiff has failed to provide a proposed amended pleading pursuant to Local Rule

137(c). Without a proposed amended complaint, the Court is unable to review Plaintiff's claims and therefore cannot grant his motion. See Hicks v. Hamkar, 2015 WL 1393229 at *6 (E.D. Cal. 2015). For this reason, the motion must be denied.

  2.  *Law of the Case Doctrine*

"The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." Moore v. James H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982), citing IB Moore's Federal Practice, 0.404(1), at 404-09 (2d ed. 1980); In re Staff Mortgage & Investment Corp., 625 F.2d 281, 282-83 (9th Cir. 1980); Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir. 1979). "Although the law of the case rule does not bind a court as absolutely as *res judicata*, and should not be applied 'woodenly' when doing so would be inconsistent with 'considerations of substantial justice,' the discretion of a court to review earlier decisions should be exercised sparingly so as not to undermine the salutory policy of finality that underlies the rule." Moore, 682 F.2d at 833-34, citing Lathan v. Brinegar, 506 F.2d 677, 691 (9th Cir. 1974) (en banc); United States v. Fullard-Leo, 156 F.2d 756, 757 (9th Cir. 1946).

In this instance, the law of the case doctrine prevents this Court from granting Plaintiff's motion. As correctly stated by Defendants, Plaintiff essentially seeks to reintroduce claims and defendants that have already been addressed in the Court's prior screening order or fully determined in other actions.

To begin, Plaintiff seeks to reassert due process and conspiracy claims that were screened out from the FAC for failure to state a claim. Plaintiff provides no reason to disturb the Court's screening order, nor does he point to any intervening change in the law. Plaintiff's attempt to amend to include these claims is barred and therefore futile.

In addition to attempting to re-litigate claims screened out in this case, Plaintiff seeks to re-open two prior cases that have been resolved. Plaintiff provides no basis for doing so. The Court is without jurisdiction to disturb those cases. To the extent he wishes to re-open those cases, he must seek relief in those respective cases, not in this case.

1       *3.      Discrimination*

2       Plaintiff also seeks to amend to bring a new claim of discrimination.  He claims that
3  because Level 1, Level 2, camp, and female prisoners are allowed to own and possess computer
4  tablets, all disabled inmates should be issued tablets because of their disabilities.  It is unclear
5  whether Plaintiff is claiming deliberate indifference for denial of medical care, or if he is
6  claiming a violation of the ADA.  In either case, Plaintiff fails to state a claim.

7       First, Plaintiff fails to present any allegations which support the existence of a viable
8  Eighth Amendment claim.  The Eighth Amendment requires a showing of deliberate indifference
9  to a substantial risk of harm.  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Plaintiff
10 acknowledges that he was provided with several options to assist him, including magnifiers,
11 ADA computers, and disability assistance workers. There is no indication of a wanton denial of
12 medical care.

13      Second, Plaintiff fails to state a claim under the ADA.  Title II of the ADA prohibits
14 discrimination by public entities on the basis of disability, and it applies to inmates.
15 Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998);
16 Simmons v. Navajo County, 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. County of
17 Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the
18 ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was
19 excluded from participation in or otherwise discriminated against with regard to a public entity's
20 services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his]
21 disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

22      Accepting that Plaintiff's partial blindness makes him a qualified individual with a
23 disability, Plaintiff fails to allege that he was excluded from participation or otherwise
24 discriminated against with regard to a service, program or activity.  Plaintiff seeks a tablet to
25 assist him in writing letters and for studying in his vocational classes.  However, Plaintiff
26 concedes that CSATF does not provide tablets to non-disabled inmates, only that they allow non-
27 disabled inmates to possess them for recreational purposes.  See ECF No. 35 at 4.  There is no
28 indication that Plaintiff is being excluded from possessing a tablet because of his disability where

non-disabled inmates are not.

For the foregoing reasons, Plaintiff fails to state a claim for relief for discrimination either as a violation of the Eighth Amendment or the ADA.

## II.    Conclusion and Order

For the reasons set forth herein, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a second amended complaint is DENIED.

IT IS SO ORDERED.

Dated: **April 13, 2016**                              **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE