# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>Plaintiff,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>Defendants. | Case No. 1:13-cv-00202 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 59] |

Plaintiff Norman Gerald Daniels III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2013.

On November 12, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim; and on May 21, 2014, Plaintiff filed a First Amended Complaint ("FAC") alleging a violation of 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"). On January 6, 2015, the Magistrate Judge screened Plaintiff's FAC and issued Findings and Recommendations which recommended the action proceed on Plaintiff's ADA claim against the Warden of California Substance Abuse Treatment Facility and State Prison ("CSATF") in his official capacity. The Magistrate Judge recommended that all other claims and defendants be dismissed. On July 13, 2015, the District Court adopted the Findings and Recommendations in full, ordered the case proceed against Warden Stu Sherman on Plaintiff's ADA claim, and dismissed all other claims and defendants. The FAC was served on Defendant

Sherman, and on November 23, 2015, Defendant filed an answer to the FAC. On November 30, 2015, the Magistrate Judge issued a Discovery and Scheduling Order.

On February 29, 2016, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"). Plaintiff did not attach a proposed Second Amended Complaint. Defendant Sherman filed an opposition on March 14, 2016. On April 13, 2016, the Court denied his motion.

On May 31, 2016, Plaintiff filed a motion for reconsideration. Defendant filed an opposition on June 21, 2016. Plaintiff did not file a reply. Therefore, the motion is ready for decision.

**I.     Discussion**

**A.     Legal Standard**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

1  clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals,
2  Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations
3  marks and citations omitted, and "[a] party seeking reconsideration must show more than a
4  disagreement with the Court's decision, and recapitulation ..." of that which was already
5  considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d
6  1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly
7  convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist.
8  v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in*
9  *part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

10     Here, Plaintiff argues the Court must reconsider the order denying his motion to file a
11  second amended complaint because of clear error.  For the most part, however, Plaintiff's
12  arguments are a repetition of his initial motion.  For the same reasons expressed in the Court's
13  order denying his motion, his motion for reconsideration must be denied.

14     First, Plaintiff has failed to provide a proposed amended pleading pursuant to Local Rule
15  137(c).  Without a proposed amended complaint, the Court is unable to review Plaintiff's claims
16  and therefore cannot grant his motion. See Hicks v. Hamkar, 2015 WL 1393229 at *6 (E.D. Cal.
17  Mar. 25, 2015).  Plaintiff's argument that he is legally blind and has restricted access to the law
18  library to research and draft his pleadings is meritless.  The discovery and scheduling order was
19  issued on November 30, 2015, and he had ample time until May 29, 2016, to draft a proposed
20  amended complaint.

21     Plaintiff also requests reconsideration in order to add additional claims for conspiracy.
22  However, as previously noted by the Court, these claims were dismissed when the Court
23  screened the complaint.  Under the "law of the case" doctrine, the Court is precluded from re-
24  examining an issue that was previously decided by the same court in the same case. Moore v.
25  James H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982), citing IB Moore's Federal
26  Practice, 0.404(1), at 404-09 (2d ed. 1980); In re Staff Mortgage & Investment Corp., 625 F.2d
27  281, 282-83 (9th Cir. 1980); Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir. 1979).
28  Plaintiff argues that he can redraft the claim now to state a proper claim for relief; however, this

does not demonstrate that the Court created clear error or that there was an intervening change in the law.

Plaintiff next takes issue with the Court's denial of his request to re-open and join two previous cases that have been resolved. Plaintiff states that this would assist him in seeking relief for law library access and his vision impairment. These arguments do no merit re-opening prior cases. Furthermore, the Court is without jurisdiction to disturb those resolved cases. To the extent he wishes to re-open those cases, he must seek relief in the respective cases, not in this case.

Finally, Plaintiff requests that he be allowed to add another claim based on discrimination. The Court has already addressed the arguments Plaintiff presents in its previous order. Plaintiff does not present new evidence, note an intervening change in the law, or demonstrate that the Court created clear error in finding the proposed amendment to be futile. There is no cause to disturb the Court's prior ruling.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   July 25, 2016                                    _____
                                                                        SENIOR DISTRICT JUDGE