UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>  Plaintiff,<br><br>  v.<br><br>STU SHERMAN,<br><br>  Defendant. | Case No.: 1:13-cv-00202-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF' MOTION TO EXTEND THE DISCOVERY DEADLINE AND DENYING MOTION FOR DEFENDANT TO PRODUCE ALL DOCUMENTS IN ELECTRONIC FORMAT<br><br>[ECF Nos. 62, 63] |

Plaintiff Norman Gerald Daniels III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an extension of the discovery deadline, filed August 5, 2016, and Plaintiff's motion for a court order directing Defendant to produce all documentation in electronic format, filed August 8, 2016. (ECF Nos. 62, 63.) Defendant filed oppositions to Plaintiff's motions on August 26, 2016, and August 29, 2016, respectively. (ECF Nos. 64, 65.) Plaintiff filed a reply on September 6, 2016. (ECF No. 66.)

**I.**

**DISCUSSION**

**A.    Motion to Modify Discovery and Scheduling Order**

Defendant filed an answer to the complaint on November 23, 2015. On November 30, 2015, the Court issued the discovery and scheduling order setting the deadline for completion of all

1

1  discovery, including motions to compel, as July 29, 2016.  The Court ordered that discovery responses
2  are due forty-five (45) days after the request is first served.  The Court's July 29, 2016, scheduling
3  order specifically stated that "[a]bsent good cause, discovery motions will not be considered if filed
4  after the discovery deadline.  Therefore, discovery requests and deposition notices must be served
5  sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and
6  file a motion to compel."  (Order, at 2:25-27, ECF No. 47.)  Thus, the last day to serve written
7  discovery was June 10, 2016.

8        Defendant submits that on July 14, 2016, Plaintiff served requests for production, set two.
9  (Declaration of Erick J. Rhoan ¶ 2 ("Rhoan Decl."), ECF 64-1.)  However, at this time, the request
10  was served a month after the June 10, 2016, in order to allow forty-five days to respond.  Defendant
11  did not respond to this request because it was untimely served.

12        Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order
13  controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P.
14  16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),
15  and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d
16  604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling
17  order must generally show that even with the exercise of due diligence, they cannot meet the
18  requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the
19  modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the
20  inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern
21  California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the
22  court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed.
23  R. Civ. P. 16(b)(4).

24        In his motion to extend the discovery deadline, Plaintiff contends that he is legally blind and
25  has inadequate access to legal materials, including restricted access to computers.  (Mot. at 1, ECF No.
26  62.)  Plaintiff claims if he had access to digital information, he would have known about the discovery
27  deadline.  (Id.)  Plaintiff reasons that he was under the assumption that the initial deadline was only for
28  the first set of discovery and then motions for further discovery would be required.  (Id.)  Plaintiff

further contends that he was unaware of the forty-five day response period, prior to expiration of the discovery deadline.  (Id. at 2.)  Plaintiff also seeks to serve additional discovery on Defendant.

       Plaintiff's motion for an extension of the discovery deadline must be denied.  Plaintiff has failed to demonstrate good cause in that he was not diligent in seeking modification of the scheduling order.  Indeed, the discovery and scheduling issued on November 30, 2015, and Plaintiff had eight months thereafter to prepare and service written discovery in compliance with the order.  While Plaintiff contends that he would have known of the deadlines if he had better computer access, Plaintiff fails to demonstrate due diligence on his part in conducting discovery in this action.  Plaintiff fails to explain why he waited until July 2016 to serve a second set of requests for production.  This is particularly so given that since November 2015, Plaintiff has accessed the prison libraries and computers on numerous occasions to file and oppose various motions, including requests for extensions of time to accommodate for these obstacles.  (See ECF Nos. 46, 50-51, 53, 57, 59, 62-63.)  Although Plaintiff's circumstances are unfortunate, Plaintiff simply fails to demonstrate how he took into consideration his vision problems in propounding discovery in a diligent manner in order to comply with the court's scheduling order.  In addition, Plaintiff's conclusory claim that he is prosecuting and litigating other actions, alone, does not demonstrate good cause to modify the scheduling order in this case.   This is particularly so given that Plaintiff waited until after the discovery deadline expired to file the instant motion.[1]  While Plaintiff is entitled to some leniency given his pro se status, he is nonetheless required to comply with the rules that govern the litigation process and efficient administration of this case.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985).  Accordingly, there is no showing of good cause to modify the discovery and scheduling order, and Plaintiff's motion must be denied.

///

---

[1] Plaintiff's motion is self-dated August 2, 2016.  (ECF No. 62.)

**B.     Motion to Produce Documentation in Electronic Format**

Plaintiff requests that the Court order Defendant to produce and transmit "all files and documents" in an electronic format to Plaintiff to accommodate his legal blindness. (Mot. at 1, ECF No. 63.) Plaintiff reasons that access to the documents in electronic format will allow him to listen to them on an ADA computer.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and must have subject matter jurisdiction over a claim in order to adjudicate it. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

First, Plaintiff's motion is deficient in that he fails to indicate what documents Defendant should produce in electronic format, where they can be located, and who should produce such documents. Second, Plaintiff's vague reference to "documents" fails to demonstrate that such "documents" have any relevance to the claim upon which this action is proceeding, namely, Plaintiff's claim of discrimination in violation of Title II of the Americans with Disabilities Act for denying Plaintiff's request for a personal magnifying glass. Accordingly, Plaintiff's request for a court order directing Defendant to provide "documents" in electronic format must be denied.

///

///

///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order and extend the discovery deadline is DENIED; and

2. Plaintiff's motion for a court order directing Defendant to provide documentation in electronic format is DENIED.

IT IS SO ORDERED.

Dated:   **September 30, 2016**

UNITED STATES MAGISTRATE JUDGE