**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORMAN GERALD DANIELS III, | Case No.: 1:13-cv-00202-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY DUE TO DISABILITY |
| STU SHERMAN, | [ECF No. 72] |
| Defendant. | |

Plaintiff Norman Gerald Daniels III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for discovery due to disability, filed October 17, 2016. (ECF No. 72.) Defendant filed an opposition on November 7, 2016. No reply was filed, and the motion is ready for review. Local Rule 230(l).

**I.**

**RELEVANT BACKGROUND**

On November 30, 2015, the Court issued the discovery and scheduling order, mandating that all discovery be completed by July 29, 2016. (ECF No. 47.) The Court also ordered that discovery requests must be served at least forty-five days after the discovery was served. (Id.) The purpose of this was to allow the parties enough time to review discovery responses and, if necessary, draft a

1

1  motion to compel further responses on or before July 29, 2016.  (Id.)  Thus, pursuant to the November
2  30, 2015, order the last day to serve written discovery was June 10, 2016.  (Id.)
3        On July 14, 2016, Plaintiff served requests for production, set two, on Defendant Sherman.
4  (ECF No. 64.)  Because the requests were served a month after the June 10, 2016, deadline, Defendant
5  Sherman did not respond.  On August 5, 2016, Plaintiff sought to modify the discovery and scheduling
6  order to obtain discovery on the grounds that he is blind and has inadequate computer access.  The
7  Court denied Plaintiff's request finding that although Plaintiff's circumstances were unfortunate,
8  Plaintiff failed to take his vision problems in account in propounding discovery in a diligent manner.
9  (ECF No. 71.)  The Court further noted that after issuance of the November 30, 2015, discovery and
10 scheduling order, Plaintiff accessed the prison libraries and computers on numerous occasions to file
11 and oppose various motions, including requests for extensions of time to accommodate for these
12 obstacles.  (See ECF Nos. 46, 50-51, 53, 57, 59, 62-63.)

## II.

## DISCUSSION

15       In the instant motion, Plaintiff repeats the same argument that were previously raised and
16 considered by the Court, namely, he is disabled, blind, has a difficult time accessing the law library,
17 and cannot get access to volunteer inmate-workers to have them read legal documents to him.  (Pl.'s
18 Mot. at 1-2, ECF No. 72.)
19       Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order
20 controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P.
21 16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),
22 and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d
23 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling
24 order must generally show that even with the exercise of due diligence, they cannot meet the
25 requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the
26 modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the
27 inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern
28

California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A moving party's months-long delay in seeking modification of the pretrial scheduling order is not diligence.  Id. at 1087-88.

In the instant motion, Plaintiff simply reiterates the previous allegations presented in his prior motion to modify the discovery and scheduling order, and Plaintiff fails to demonstrate due diligence. As previously stated in the Court's September 30, 2016 order,

> Plaintiff's motion for an extension of the discovery deadline must be denied.  Plaintiff has failed to demonstrate good cause in that he was not diligent in seeking modification of the scheduling order.  Indeed, the discovery and scheduling issued on November 30, 2015, and Plaintiff had eight months thereafter to prepare and service written discovery in compliance with the order.  While Plaintiff contends that he would have known of the deadlines if he had better computer access, Plaintiff fails to demonstrate due diligence on his part in conducting discovery in this action.  Plaintiff fails to explain why he waited until July 2016 to serve a second set of requests for production.  This is particularly so given that since November 2015, Plaintiff has accessed the prison libraries and computers on numerous occasions to file and oppose various motions, including requests for extensions of time to accommodate for these obstacles.  (See ECF Nos. 46, 50-51, 53, 57, 59, 62-63.)  Although Plaintiff's circumstances are unfortunate, Plaintiff simply fails to demonstrate how he took into consideration his vision problems in propounding discovery in a diligent manner in order to comply with the court's scheduling order.  In addition, Plaintiff's conclusory claim that he is prosecuting and litigating other actions, alone, does not demonstrate good cause to modify the scheduling order in this case.  This is particularly so given that Plaintiff waited until after the discovery deadline expired to file the instant motion.  While Plaintiff is entitled to some leniency given his pro se status, he is nonetheless required to comply with the rules that govern the litigation process and efficient administration of this case.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985).  Accordingly, there is no showing of good cause to modify the discovery and scheduling order, and Plaintiff's motion must be denied.

(ECF No. 71, at 2-3.) (footnote omitted)

Plaintiff's renewed allegations fail to offer any new insight or reasons why he waited so long to propound discovery and there no showing of good cause to warrant an extension of the discovery deadline.  Accordingly, for the same reasons explained in the Court's September 30, 2016 order, Plaintiff's present motion must be denied.

///

///

///

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for discovery due to disability, filed October 17, 2016, is DENIED.

IT IS SO ORDERED.

Dated: **November 18, 2016**

UNITED STATES MAGISTRATE JUDGE