UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00202-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 5, 2016, ORDER, AND DENYING REQUEST FOR RECUSAL OF THE UNDERSIGNED<br><br>[ECF No. 84] |

　　Plaintiff Norman Gerald Daniels III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Currently before the Court is Plaintiff's objections to the Court's December 5, 2016, order granting Defendant an extension of time to file a dispositive motion and response to Plaintiff's motion for summary judgment, filed December 23, 2016. The Court construes Plaintiff's objections as a motion for reconsideration under Federal Rule of Civil Procedure 60. Plaintiff also seeks recusal of the undersigned if the instant motion for reconsideration is denied.

**I.**

**DISCUSSION**

**A.　Motion for Reconsideration of Court's December 5, 2016 Order**

　　As previously stated, Plaintiff seeks reconsideration of the Court's December 5, 2016, order granting Defendant an extension of time to file a dispositive motion and response to Plaintiff's motion

for summary judgment.  Plaintiff states that he is legally blind and requests the Court "take heed to my disability as it relates to modifications and procedures, deadlines, and any other issues which may cause a disadvantage." (Mot. at 1, ECF No. 84.)  Plaintiff "strongly object[s] to the Court's granting of extension of time to the defendant for which I had as is much said the same thing." (Id.)  Plaintiff requests that the Court "revisit under the extraordinary circumstance issue and grant me the discovery requests with the understanding that there is no more requests to be made after this set of requests." (Id. at 5.)

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party form a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud … of an adverse party; (4) the judgment is void; (5) the judgment has bene satisfied …; or (6) any other reason justifying relief from the operation of the judgment." Fed R. Civ. P. 60(b).

On September 30, 2016, the Court denied Plaintiff's request to extend the discovery deadline and for Defendant to produce all documents in electronic format. (ECF No. 71.)  In denying Plaintiff's motion, the Court stated as follows:

> Plaintiff's motion for an extension of the discovery deadline must be denied.  Plaintiff has failed to demonstrate good cause in that he was not diligent in seeking modification of the scheduling order.  Indeed, the discovery and scheduling issued on November 30, 2015, and Plaintiff had eight months thereafter to prepare and service written discovery in compliance with the order.  While Plaintiff contends that he would have known of the deadlines if he had better computer access, Plaintiff fails to demonstrate due diligence on his part in conducting discovery in this action.  Plaintiff fails to explain why he waited until July 2016 to serve a second set of requests for production.  This is particularly so given that since November 2015, Plaintiff has accessed the prison libraries and computers on numerous occasions to file and oppose various motions, including requests for extensions of time to accommodate for these obstacles.  (See ECF Nos. 46, 50-51, 53, 57, 59, 62-63.)  Although Plaintiff's circumstances are unfortunate, Plaintiff simply fails to demonstrate how he took into consideration his vision problems in propounding discovery in a diligent manner in order to comply with the court's scheduling order.  In addition, Plaintiff's conclusory claim that he is prosecuting and litigating other actions, alone, does not demonstrate good cause to modify the scheduling order in this case.   This is particularly so given that Plaintiff waited until after the discovery deadline expired to file the instant motion.[1]  While Plaintiff is entitled to some leniency given his pro se status, he is nonetheless required to comply with the rules that govern the litigation process and efficient administration of this case.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987);

---

[1] Plaintiff's motion is self-dated August 2, 2016.  (ECF No. 62.)

> see also Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985). Accordingly, there is no showing of good cause to modify the discovery and scheduling order, and Plaintiff's motion must be denied.

(Order, at 3:3-25, ECF No. 71) (footnote in original).

Plaintiff appears to dispute the fact that the Court granted Defendant's request to extend the deadline to file a dispositive motion and response to Plaintiff's motion for summary judgment, yet denied his request to extend the discovery deadline.

Defendant's motion to extend the deadlines was based on the fact that a settlement conference took place on November 4, 2016, after such conference counsel faced other pressing work demands, and Plaintiff filed a motion for summary judgment on November 14, 2016, in which counsel had to review and draft an opposition. It was the collective efforts of such circumstances and counsel's showing of due diligence which warranted an extension of the deadline. However, as explained above, in Plaintiff's motion to extend the discovery deadline, Plaintiff failed to demonstrate due diligence on his part in seeking discovery prior to the applicable deadline. While Plaintiff's circumstances may be unfortunate, both parties are required to demonstrate good cause (and due diligence) in seeking to modify the scheduling order. There is not a double standard rule, one set of rules for Plaintiff and one set of rules for Defendant, and each party must independently set forth sufficient circumstances to modify a scheduling order. Plaintiff's objection is noted, but he fails to present any grounds that warrant setting aside the order granting Defendant an extension of time. Nor does Plaintiff present circumstances to warrant reconsideration of the Court's September 30, 2016, order denying his request to extend the discovery deadline for lack of due diligence. Accordingly, Plaintiff's motion for reconsideration shall be denied.

### B. Recusal of Undersigned

Motions to disqualify or recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such

3

belief. See 28 U.S.C. § 144. Similarly, section 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or in other specified circumstances, 28 U.S.C. §455(b).

A judge finding a section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. Sibla, 624 F.2d at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. at 868 (citation omitted).

Under section 455 a motion to recuse must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985).

Under both recusal statutes, the determination for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 14534 (9th Cir. 1997). For instance, a judge "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. United States v. Hernandez, 109 F.3d at 1453 (citing Liteky v. United States, 510 U.S. 540, 554-556 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555).

Here, Plaintiff fails to demonstrate actual bias on the part of the undersigned under either recusal statutes. Rather, Plaintiff's disagreement is with the undersigned's rulings, no matter how

strongly felt, does not create bias requiring recusal.  Consequently, Plaintiff has failed to allege facts stating a possible cognizable ground for recusal under § 144, and there is no basis for the undersigned to disqualify himself pursuant to § 455.  Accordingly, Plaintiff's motion to disqualify or recuse the undersigned is denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's December 5, 2016, order granting Defendant's an extension of time is DENIED; and

2. Plaintiff's motion for qualification and/or recusal of the undersigned is DENIED.

IT IS SO ORDERED.

Dated:   **January 6, 2017**

UNITED STATES MAGISTRATE JUDGE