**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00202-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION TO COMPEL<br><br>[ECF No. 102] |

Plaintiff Norman Gerald Daniels III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion to compel, filed March 22, 2017. Defendant filed an opposition on April 12, 2017.

**I.**

**BACKGROUND**

On November 30, 2015, the Court issued the discovery and scheduling order, mandating that all discovery be completed by July 29, 2016. (ECF No. 47.) The Court also ordered that discovery requests must be served at least forty-five days after the discovery was served. (Id.) The purpose of this was to allow the parties enough time to review discovery responses and, if necessary, draft a motion to compel further responses on or before July 29, 2016. (Id.) Thus, pursuant to the November 30, 2015, order the last day to serve written discovery was June 10, 2016. (Id.)

The Court has previously denied Plaintiff's three motions to compel. (See ECF Nos. 77, 85, 99.) Plaintiff has now filed his fourth motion to compel and requests that Defendant Sherman respond to ten sets of requests for production served in February 2017.

1

## II.

## DISCUSSION

In the present motion, Plaintiff moves Defendant Sherman to respond to Plaintiff's ten sets of requests for production served in February 2017. Plaintiff contends that Defendant Sherman's Rand notice submitted with his motion for summary judgment advised Plaintiff that he could seek discovery to oppose the motion. Plaintiff also submits that he served the discovery requests on Defendant Sherman pursuant to Federal Rule of Civil Procedure 56(d).

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d at 1100.

Plaintiff essentially contends that he has not had an opportunity to pursue discovery and he should now be able to conduct discovery in order to respond to Defendant's motion for summary judgment. Defendant argues that Plaintiff's motion should be denied because: "(1) the deadline for written discovery was June 10, 2016; (2) the motion to compel deadline was July 29, 2016; and (3) therefore, both Plaintiff's requests for production, served in February 2017, and this motion to compel, are untimely." (Opp'n at 2:11-13.) Defendant further argues that in order for Plaintiff to invoke Rule 56(d) he must demonstrate that he diligently pursued discovery. Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1130 (9th Cir. 2004); Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

As an initial matter and contrary to Plaintiff's claim, the <u>Rand</u> notice is not an invitation to conduct additional discovery. Rather, the purpose of the <u>Rand</u> notice is to provide inmate litigants with fair notice of the requirements of Rule 56. <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998). The <u>Rand</u> notice did not provide Plaintiff an opportunity to serve additional discovery after the time frame set forth in the Court's scheduling order. While the notice did advise Plaintiff that "[i]f additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to 'provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.'" (Rand Not. at 3:1-3, ECF No. 87-14.) Thus, in order to seek to compel further discovery, after the expiration deadline set forth in the scheduling order, Plaintiff must receive court permission to do so.

As explained in the prior orders, pursuant to the Court's discovery and scheduling order all written discovery requests were to be served at least forty-five days prior to the discovery deadline of July 29, 2016. (Order ¶¶ 2, 7, ECF No. 47.) Accordingly, all written discovery requests had to be served by June 10, 2016, to comply with the July 29, 2016, deadline. (<u>Id.</u>) In the present motion, Plaintiff contends:

> Enclosed in exhibit A, is a letter from the Defendant stating that I do not have the ability to request discovery, when contrary to this fact, I am allowed to ask for such discovery under Federal Rules of Court, Local rule 260, and Rule 56(d)(2)), in where I am allowed to request such documentation, affidavits, etc, in order to show substantive facts, and also to disprove any statements made by the defense. It is well established that, mere testimony or oral arguments cannot be substantive, but coupled with evidence, will make a showing of facts enough to show an argument, and cause of action might exist.
>
> I had made several requests for such discovery to the defendant in order to obtain relevant not knowing that I needed to petition the Court for such information.
>
> I have now fouled myself once again due to my disability when I listened to another person for direction because I cannot read or write effectively. I have attempted to do the best I can with the limited resources I have as I am still making mistakes due to my disability.
>
> I would like to point out that the defendant knew that I could ask for discovery under the current rules [and] even included such rules in his RAND WARNING. Since I was unsure of what to do, I entered into the motions in good faith that the defendant would take my expl[a]nations in each of the motions as true and necessary for the completion of my MOTION IN OPPOSITION TO DEFENDANT'S REQUEST FOR SUMMARY JUDGMENT. I also separated each of the requests so that the defendant could argue each one on their merits and

> just deliver the others that he would not argue, without complaint, but this is not the case. The defendant has decided that I, as a matter of law, do not have any [discovery] coming even though he has warned me that I can ask for such discovery as it pertains to the summary judgment. Please forgive me, but I think that this is a blatant disregard to my right? And hope the Court will bring this to the defendant's attention that he has wasted nearly thirty days of the Court's time when the requests were, and are, well within the motions prerogative.
>
> In Exhibit B, I have ten requests for discovery, which pertain to those substantive facts, which will go the finalization of, Plaintiff's OPPOSITION TO DEFENDANT STU SHERMAN'S SUMMARY JU[DG]MENT.
>
> I did include a short summarization of reasonable issues for which I can show that either Defendant Shu Sherman, et al., does not have in evidence such materials supporting affidavits/declarations, or I am in need of materials for which the prison is in possession of for which I can reasonable show that I have a substantial factual claim for injunctive relief.

(Mot. at 1-2.)

Although Plaintiff has attached the ten discovery requests that he seeks to compel a response, Plaintiff has failed to demonstrate that he has been diligent in pursuing such requests or that such information is necessary to oppose the pending motion for summary judgment. In the motion for summary judgment, Defendant Sherman argues that Plaintiff was never denied access to SATF's Services, Programs, or Activities on the basis of his blindness, and SATF was not obligated to provide Plaintiff with a personal magnifying glass. Defendant also argues that Plaintiff's request for compensatory relief is barred and his requests for injunctive relief should all be denied. The Court cannot determine from Plaintiff's requests how the factual information is necessary to oppose Defendant's motion for summary judgment. Accordingly, Plaintiff's fourth motion to compel is denied.

IT IS SO ORDERED.

Dated: __April 27, 2017__

UNITED STATES MAGISTRATE JUDGE

4